976 F.2d 747
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Roland L. GOAD, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5053.
 United States Court of Appeals, Federal Circuit.
 Aug. 12, 1992.
Rehearing Denied, Suggestion for In Banc Rehearing
Declined Oct. 2, 1992.
 
 Before ARCHER, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Mr. Roland L. Goad appeals the RUSCC 12(b)(4) dismissal of his claim for refund of military retirement funds paid to his ex-wife. This court affirms.
 
 OPINION
 
 2
 On September 19, 1980, Mr. and Mrs. Goad were divorced. The divorce decree awarded Mrs. Goad twelve twenty-sevenths (12/27) of Mr. Goad's Air Force Retirement benefits. Mr. Goad did not pay Mrs. Goad the portion of his retirement awarded by the divorce decree. In 1985, Mrs. Goad applied to the Air Force Accounting and Finance Center (AFAFC) for direct payment of her portion of the retirement benefit. The Uniformed Services Former Spouses' Protection Act (USFSPA) authorized direct payment. See 10 U.S.C. § 1408 (1988). Mr. Goad objected to the direct payments, but the AFAFC found no merit in Mr. Goad's objections.
 
 
 3
 Mr. Goad filed a complaint in the United States Claims Court seeking the return of funds paid to Mrs. Goad by the Government. The Claims Court dismissed Mr. Goad's complaint for "failure to state a claim upon which relief can be granted." RUSCC 12(b)(4). The Claims Court reasoned that the United States had not waived its sovereign immunity for suits seeking refund of USFSPA payments. Therefore, Mr. Goad did not state a claim cognizable in the Claims Court.
 
 
 4
 Section 1408(f)(1) of Title 10 (1988) says:
 
 
 5
 The United States and any officer and employee of the United States shall not be liable with respect to any payment made from retired or retained pay to any member, spouse, or former spouse pursuant to a court order that is regular on its face if such payment is made in accordance with this section and the regulations prescribed pursuant to [this Act].
 
 
 6
 (Emphasis added.)
 
 
 7
 The Claims Court found that the court order mandating payment was "regular on its face." Mr. Goad presents no colorable argument to the contrary. Furthermore, Mr. Goad makes no argument that the payments were not made in accordance with the USFSPA.
 
 
 8
 In Simanonok v. Simanonok, 918 F.2d 947 (Fed.Cir.1990), this court characterized a claim similar to Mr. Goad's as "frivolous":
 
 
 9
 The foundation of [Plaintiff's] suit is the asserted unconstitutionality of the FSPA, and his claims against all defendants seek recovery for their actions in implementing and carrying out the FSPA. Yet the FSPA itself clearly deprives retirees such as [Plaintiff] of any recovery from the United States or its agents merely for carrying out the Act--i.e. the FSPA retracts any waiver of sovereign immunity which might be found elsewhere in the United States Code.
 
 
 10
 Id. at 951.
 
 
 11
 The Claims Court was correct as a matter of law. Mr. Goad cannot recover from the United States the money paid to Mrs. Goad. Mr. Goad has no claim cognizable before the Claims Court. This court properly dismissed his action.